CRAIG CARPENITO
United States Attorney
By: JONATHAN M. PECK
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel: (973)-297-2064
Jonathan.Peck@usdoj.gov

**UNITED STATE DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | **Hon.** |
| Plaintiff, | : | **Civil Action No. 20-11725** |
| v. | : | **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |
| $107,000 IN UNITED STATES CURRENCY, | : | |
| | : | |
| Defendant *in rem*. | : | |

Plaintiff, United States of America, by its attorney, Craig Carpenito, United States Attorney for the District of New Jersey, (by Jonathan M. Peck, Assistant United States Attorney), brings this Verified Complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

**NATURE OF THE ACTION**

1.    This is an action to forfeit and condemn to the use and benefit of the United States of America $107,000 in United States currency, pursuant to 21 U.S.C. § 881(a)(6), which subjects to forfeiture all moneys, negotiable instruments, securities, or other things of value furnished or intended to be

1

furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 21, Subchapter I, of the United States Code, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of Title 21, Subchapter I, of the United States Code, and pursuant to 18 U.S.C. § 981(a)(1)(A), which subjects to forfeiture property that was involved in a transaction or attempted transaction in violation of Title 18, United States Code, Sections 1956 or 1957, or a conspiracy to commit such a violation, in violation of Section 1956(h).

## THE DEFENDANT IN REM

2. The defendant property consists of $107,000 in United States currency ("Defendant Property"), which the United States Drug Enforcement Administration ("DEA") seized on or about December 28, 2019 from Jesus E. Perez ("Perez") in or around Spencer Avenue, Clifton, New Jersey. The Defendant Property is currently in the custody of the United States.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345, 1355(a).

4. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to this forfeiture took place in the District of New Jersey. Upon the filing of this Verified Complaint for Forfeiture *In Rem*, the Plaintiff requests that the Clerk of the Court issue a Warrant of Arrest *In Rem* pursuant to Supplemental Rule

G(3)(b)(i), which the plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Pursuant to 28 U.S.C. § 1395 this Court is the proper venue for this action because the Defendant Property is located within the District of New Jersey.

## BASIS FOR FORFEITURE

6. The Defendant Property is subject to forfeiture (1) pursuant to 21 U.S.C. § 881(a)(6), which subjects to forfeiture to the United States all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 21, Subchapter I, of the United States Code, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of Title 21, Subchapter I, of the United States Code, and (2) pursuant to 18 U.S.C. § 981(a)(1)(A), which subjects to forfeiture property that was involved in a transaction or attempted transaction in violation of Title 18, United States Code, Sections 1956 or 1957, or a conspiracy to commit such a violation, in violation of Section 1956(h).

## FACTS

7. In or around 2019, the DEA and the Internal Revenue Service-Criminal Investigation were investigating a money laundering organization with networks of co-conspirators based in New Jersey and other locations. The investigation has revealed that the MLO facilitates the transfer of cash proceeds

of illegal drug sales from the United States to drug trafficking organizations in Colombia and other countries.

8. In or around November 2019, the DEA obtained information through lawfully-obtained wire communications and other sources that indicated Perez was communicating with members of the money laundering organization to facilitate the transfer and concealment of large sums of U.S. currency, which was the proceeds of illegal drug trafficking in New Jersey and elsewhere.

9. On December 28, 2019, DEA agents and members of the Clifton, New Jersey Police Department were conducting surveillance in and around Clifton, New Jersey. On that same date, Clifton Police officers conducted a lawful traffic stop of Perez, who was driving a 2003 black Ford Explorer with an expired vehicle registration.

10. As the police approached the vehicle, they saw in plain view a holiday-themed paper gift bag containing a large sum of U.S. currency stacked in bundles wrapped in rubber bands. When asked whether he had any additional U.S. currency in the vehicle, Perez responded that he had $10,000 on his person, which he presented to the police.

11. When asked if he was transporting U.S. currency, Perez said he had $107,000 in the vehicle. Law enforcement later determined that the U.S. currency recovered from Perez and his vehicle totaled $107,000, consisting of seven $10 bills, 2,269 $20 bills, 323 $50 bills, and 454 $100 bills.

12. The large amount of $20 bills is consistent with low-denomination currency used in narcotics trafficking.

13. Shortly after the traffic stop, DEA Agents conducted a consensual interview of Perez. When asked about the source of the $107,000 Perez initially told the agents that he worked as a mechanic for an airline and that the money was from his retirement account and represented his savings from the past two to three years. Perez also said that he was transporting the money to his brother's home when he was stopped. Agents then asked if Perez knew whether his brother was home or if he had a key to his brother's house. Perez answered no to both questions.

14. The agents then told Perez that they had information that the actual source of the currency was from illegal drug sales and believed he was being untruthful. At that point, Perez admitted that he knew the money was from an illegal source but stated that he was not directly involved in drug trafficking.

15. Thereafter, Perez consented to a search of his residence in Clifton, New Jersey. There, law enforcement agents found a money counter and a large number of rubber bands consistent with those found wrapped around the U.S. currency seized from Perez's vehicle.

16. On May 29, 2020, the DEA received a timely claim from Perez requesting the return of the Defendant Property. In the claim, Perez claimed that $54,497 of the money seized was from his retirement account, $50,230

was from a loan from his brother, and the remaining $273 was payment from his employer.

17.     Information obtained by law enforcement from his employer indicates that Perez is an Aviation Line Maintenance Technician for an airline with operations in Newark (the "Airline") and earns approximately $27.88 per hour, or approximately $1,115.20 gross income per week based on a standard 40-hour week.

18.     Information obtained from the Airline also indicated that Perez contributes approximately 6.5% of his gross income to his 401K retirement account, which is approximately $72.49 per week.  Based on that calculation, it would have taken Perez approximately 751 weeks (or 14.46 years) to accumulate $54,497 in his retirement account.  Considering that Perez was hired by the Airline in April 2017, it is all but impossible for him to have saved that amount in retirement savings.

## FIRST CLAIM FOR FORFEITURE

19.     The allegations contained in paragraphs 1 through 18 of this Verified Complaint for Forfeiture *In Rem* are incorporated herein and made part hereof.

20.     As a result of the foregoing, the Defendant Property is subject to forfeiture to the United States, pursuant to 21 U.S.C. § 881(a)(6), because the Defendant Property constitutes money furnished or intended to be furnished in exchange for a controlled substance or is proceeds traceable to an exchange of

moneys or other things of value furnished in exchange for a controlled substance in violation of Title 21, Subchapter I, of the United States Code.

## SECOND CLAIM FOR FORFEITURE

21. The allegations contained in paragraphs 1 through 18 of this Verified Complaint for Forfeiture *In Rem* are incorporated herein and made part hereof.

22. As a result of the foregoing, the Defendant Property is subject to forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(A), as property involved in a transaction or attempted transaction in violation of Title 18, United States Code, Sections 1956 and/or 1957 or a conspiracy to commit such a violation, in violation of Title 18, United States Code, Section 1956(h).

**WHEREFORE**, the United States of America requests that the Clerk of the Court issue a warrant for the arrest and seizure of the Defendant Property; that notice of this action be given to all persons who reasonably appear to be potential claimants to the property; that the Defendant Property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and that the Court grant such other and further relief it deems proper and just.

Dated: August 27, 2020

                                            CRAIG CARPENITO
                                            United States Attorney

                                            s/ *Jonathan M. Peck*
                      By:    JONATHAN M. PECK
                                            Assistant United States Attorney

## VERIFICATION

**STATE OF NEW JERSEY** :
: ss
**COUNTY OF ESSEX** :

I, Meliton Cordero, hereby verify and declare under penalty of perjury that I am a Special Agent with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that, as to those matters herein stated to be alleged on information and belief, I believe them to be true.

The sources of my knowledge and the grounds of my belief include the official files and records of the United States, information supplied to me by other law enforcement officers, and my own investigation of this case.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed on August 27, 2020.

_____
Meliton Cordero, Special Agent
Drug Enforcement Administration

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
$107,000 in United States Currency

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jonathan Peck, Assistant U.S. Attorney
United States Attorney's Office, 970 Broad St., Suite 700
Newark, New Jersey 07102      Tel.: (973) 297-2064

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1  U.S. Government Plaintiff
[ ] 2  U.S. Government Defendant
[ ] 3  Federal Question *(U.S. Government Not a Party)*
[ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

*Habeas Corpus:*
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

*Other:*
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [X] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. § 881; 18 U.S.C. § 981

Brief description of cause:
Forfeiture of property related to narcotics and money laundering

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 08/27/2020

SIGNATURE OF ATTORNEY OF RECORD
s/ Jonathan Peck

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

CRAIG CARPENITO
United States Attorney
By: JONATHAN M. PECK
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel: (973)-297-2064
Jonathan.Peck@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Honorable |
| Plaintiff, | : | |
| v. | : | Civil Action No. 20-11725 |
| $107,000 IN UNITED STATES CURRENCY, | | **WARRANT FOR ARREST *IN REM*** |
| | : | |
| Defendant *in rem.* | | |

TO ANY OFFICER OF THE UNITED STATES DEPARTMENT OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION, AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:

WHEREAS, a Verified Complaint for Forfeiture *in Rem* has been filed on August 27, 2020, in the United States District Court for the District of New Jersey, alleging that the defendant property, namely $107,000 in United States currency is subject to seizure and forfeiture to the United States for the reasons set forth in the complaint; and

WHEREAS, the defendant property is currently in the possession, custody, or control of the United States; and

WHEREAS, in these circumstances Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions directs the

Clerk of the Court to issue a Warrant for Arrest *in Rem* for the defendant property; and

WHEREAS, Rule G(3)(c)(i) of the Supplemental Rules provides that the Warrant for Arrest *In Rem* must be delivered to a person or organization authorized to execute it, who may be an agent with the United States Department of Justice, or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the court for that purpose;

YOU ARE, THEREFORE, HEREBY COMMANDED to take such steps as are necessary to arrest and detain the defendant property, including, if appropriate, serving a copy of this warrant on the custodian in whose possession, custody, or control the property is currently found; and

YOU ARE FURTHER COMMANDED to use whatever means may be appropriate to protect and maintain the defendant in your custody until further order of this Court.

IN WITNESS WHEREOF, I, the Clerk of the United States District Court for the District of New Jersey, have caused the foregoing Warrant for Arrest *In Rem* to be issued pursuant to Rule G(3)(b)(i) of the Supplemental Rules.

Dated: _____        _____
                              Clerk of the Court

                        By:   _____
                              Deputy Clerk